**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of  Delaware
                         (State)

Case number (*If known*): _____   Chapter  11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

**1. Debtor's name**  Perfumania, Inc.

**2. All other names debtor used in the last 8 years**

Include any assumed names, trade names, and *doing business as* names

**3. Debtor's federal Employer Identification Number (EIN)**  65 – 0026340

**4. Debtor's address**

**Principal place of business**

35    Sawgrass Drive
Number   Street

Suite 2

Bellport          NY    11713
City              State  ZIP Code

Suffolk
County

**Mailing address, if different from principal place of business**

_____
Number   Street

_____
P.O. Box

_____
City              State  ZIP Code

**Location of principal assets, if different from principal place of business**

_____
Number   Street

_____

_____
City              State  ZIP Code

**5. Debtor's website (URL)**  http://www.perfumania.com

**6. Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

Official Form 201     Voluntary Petition for Non-Individuals Filing for Bankruptcy     page 1

Debtor  Perfumania, Inc._____         Case number (*if known*)_____
         Name

| 7. | Describe debtor's business | A. *Check one:* |
|---|---|---|
| | | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | | ☑ None of the above |

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

4  5  3  9

| 8. | Under which chapter of the Bankruptcy Code is the debtor filing? | *Check one:* |
|---|---|---|
| | | ☐ Chapter 7 |
| | | ☐ Chapter 9 |
| | | ☑ Chapter 11. *Check all that apply*: |
| | | ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that). |
| | | ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | | ☑ A plan is being filed with this petition. |
| | | ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
| | | ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form. |
| | | ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. |
| | | ☐ Chapter 12 |

| 9. | Were prior bankruptcy cases filed by or against the debtor within the last 8 years? If more than 2 cases, attach a separate list. | ☑ No |
|---|---|---|
| | | ☐ Yes.  District _____  When _____  Case number _____ |
| | |                                                    MM / DD / YYYY |
| | |        District _____  When _____  Case number _____ |
| | |                                                    MM / DD / YYYY |

| 10. | Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor? List all cases. If more than 1, attach a separate list. | ☐ No |
|---|---|---|
| | | ☑ Yes.  Debtor  See Attachment 1 _____  Relationship  Affiliate _____ |
| | |        District  Delaware _____         When  Date hereof _____ |
| | |                                                        MM / DD / YYYY |
| | |        Case number, if known  _____ |

Debtor  Perfumania, Inc._____     Case number (*if known*)_____
        Name

| 11. | **Why is the case filed in *this district*?** | *Check all that apply:*<br>☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br>☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
|---|---|---|
| 12. | **Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☒ No<br>☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.<br>**Why does the property need immediate attention?** (*Check all that apply.*)<br>☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br>   What is the hazard? _____<br>☐ It needs to be physically secured or protected from the weather.<br>☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br>☐ Other _____<br><br>**Where is the property?**_____<br>                Number      Street<br>_____<br>_____ _____ _____<br>                City                          State    ZIP Code<br><br>**Is the property insured?**<br>☐ No<br>☐ Yes. Insurance agency _____<br>      Contact name  _____<br>      Phone  _____ |

### Statistical and administrative information

| 13. | **Debtor's estimation of available funds** | *Check one:*<br>☒ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. | | |
|---|---|---|---|---|
| 14. | **Estimated number of creditors** | ☐ 1-49<br>☐ 50-99<br>☐ 100-199<br>☐ 200-999 | ☐ 1,000-5,000<br>☐ 5,001-10,000<br>☒ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |
| 15. | **Estimated assets** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☒ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

Debtor   Perfumania, Inc._____    Case number (*if known*)_____
         Name

| | | | |
|---|---|---|---|
| **16. Estimated liabilities** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☒ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- I have been authorized to file this petition on behalf of the debtor.
- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  08/26/2017_____
             MM  / DD / YYYY

✘ */s/ Michael W. Katz*_____     Michael W. Katz_____
Signature of authorized representative of debtor    Printed name

Title  President and Chief Executive Officer_____

**18. Signature of attorney**

✘ */s/ Anthony W. Clark*_____     Date  08/26/2017_____
Signature of attorney for debtor                     MM   / DD / YYYY

Anthony W. Clark_____
Printed name
Skadden, Arps, Slate, Meagher & Flom LLP_____
Firm name
One          Rodney Square_____
Number       Street
Wilmington_____   Delaware   19899-0636___
City                                              State      ZIP Code

(302) 651-3000_____       anthony.clark@skadden.com_____
Contact phone                       Email address

2051_____       Delaware_____
Bar number                          State

# **ATTACHMENT 1**

Pending Bankruptcy Cases Filed by Debtor and Affiliates of Debtor

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Court"). A motion will be filed with the Court requesting that the chapter 11 cases of the entities listed below be consolidated for procedural purposes only and jointly administered, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, under the case number assigned to the chapter 11 case of Model Reorg Acquisition, LLC.

|    | **DEBTOR** | **FEDERAL EIN** |
|----|------------|-----------------|
| 1  | Aladdin Fragrances, Inc. | 11-3144338 |
| 2  | Distribution Concepts, LLC | 14-1848845 |
| 3  | Flowing Velvet, Inc. | 11-2917294 |
| 4  | Global Duty Free Supply, Inc. | 59-2702686 |
| 5  | Jacavi, LLC | 20-5796863 |
| 6  | Magnifique Parfumes and Cosmetics, Inc. | 59-2756420 |
| 7  | Model Reorg Acquisition, LLC | 26-3000318 |
| 8  | Niche Marketing Group, Inc. | 11-3491943 |
| 9  | Northern Amenities, Ltd. | 11-2805387 |
| 10 | Northern Brands, Inc. | 11-3037186 |
| 11 | Northern Group, Inc. | 11-2913226 |
| 12 | Perfumania Holdings, Inc. | 65-0977964 |
| 13 | Perfumania Puerto Rico, Inc. | 66-0526787 |
| 14 | Perfumania, Inc. | 65-0026340 |
| 15 | Perfumania.com, Inc. | 65-0884688 |
| 16 | Perfumers Art, Inc. | 11-3216616 |
| 17 | Quality King Fragrance, Inc. | 11-3414939 |
| 18 | Scents of Worth, Inc. | 11-2401732 |
| 19 | Ten Kesef II, Inc. | 65-0701253 |

| Fill in this information to Identify the case: | |
|---|---|
| Debtor Name: Model Reorg Acquisition, LLC | |
| United States Bankruptcy Court for the: District of Delaware | ☐ Check if this is an amended filing |
| Case Number (If known): 17-_____ | |

Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders    12/15

A consolidated list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | MB FRAGRANCES LLC<br>2500 HAMILTON BLVD<br>SOUTH PLAINFIELD, NJ 07080 | PHONE: 908-222-8080<br>FAX: 908-222-0828<br>sales@mbfragrances.com | Trade Debt | | | | $829,473.00 |
| 2 | PUIG USA INC<br>ONE PARK AVENUE<br>FIFTH FLOOR<br>NEW YORK, NY 10016 | PHONE: 607-239-6152<br>camelia.handrea@clarins.com | Trade Debt | | | | $454,382.85 |
| 3 | HFC PRESTIGE PRODUCTS, INC.<br>ONE PROCTER & GAMBLE PLAZA<br>CINCINNATI, OH 45202 | PHONE: 732-605-2705<br>FAX: 512-374-4051<br>Olga_Halili@cotyinc.com | Trade Debt | | | | $343,002.70 |
| 4 | PERFUME CENTER OF AMERICA<br>2020 OCEAN AVE<br>RONKONKOMA, NY 11779 | PHONE: 516-576-1300<br>FAX: 516-576-1313<br>suja@perfume-center.com | Trade Debt | | | | $310,554.50 |
| 5 | MAESA LLC<br>40 WORTH STREET<br>SUITE 705<br>NEW YORK, NY 10013 | PHONE: 212-674-5555<br>FAX: 212-537-7338<br>david.francisco@maesa.com | Trade Debt | | | | $220,899.60 |
| 6 | ONI ESSENCE INC.<br>6135 NW 167TH STREET<br>SUITE E-14<br>MIAMI LAKES, FL 33015 | PHONE: 305-826-6551<br>accounts@oniessence.com | Trade Debt | | | | $214,670.00 |
| 7 | COSMETIC ESSENCE, LLC<br>2182 HIGHWAY 35<br>HOLMDEL, NJ 07733-1125 | PHONE: 201-941-9800<br>FAX: 732-888-6086<br>accountsreceivable@cosmeticessence.com | Trade Debt | | | | $198,999.36 |
| 8 | CONTINENTAL/BRACHA COSM.<br>100 NEWFIELD AVE<br>EDISON, NJ 08837 | FAX: 619-265-1190<br>info@continentalcosmetique.com | Trade Debt | | | | $171,075.00 |

Debtor: Model Reorg Acquisition, LLC

Case Number (if known): 17-_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | A.B. DIVERSIFIED ENTERPRISES<br>6825 W. SUNRISE BLVD.<br>PLANTATION, FL 33313 | FAX: 305-592-0165<br>aileen@abdiversified.com | Trade Debt | | | | $153,617.00 |
| 10 | APTOS CANADA INC.<br>9300 TRANS-CANADA HIGHWAY<br>SUITE 300<br>SAINT-LAURENT, PQ H4S 1K5 | PHONE: 514-428-2355<br>FAX: 514-428-0824 | Trade Debt | | | | $115,135.23 |
| 11 | INTERPARFUMS LUXURY BRANDS, INC.<br>C/O STANISLAS ARCHAMBAULT<br>ONE PARK AVENUE<br>FLOOR 19<br>NEW YORK, NY 10016 | FAX: 212-983-4197<br>lmarinelli@interparfums.com | Trade Debt | | | | $100,598.00 |
| 12 | SUPERIOR FRAGRANCES INC<br>52 E CENTRE STREET UNIT 5<br>NUTLEY, NJ 07110 | PHONE: 973-235-9221<br>satwinder@superiorfragrances.com | Trade Debt | | | | $97,451.25 |
| 13 | DM FRAGRANCES & COSMETICS, INC.<br>600-D LAKE STREET<br>RAMSEY, NJ 07446 | dmfragrance@aol.com | Trade Debt | | | | $86,148.00 |
| 14 | EURO PERFUMES INC<br>60 HONECK ST<br>ENGLEWOOD, NJ 07631 | PHONE: 201-941-7221<br>CustomerService@europarfum.com | Trade Debt | | | | $77,400.00 |
| 15 | PRIME FRAGRANCE LLC<br>202 BERKSHIRE DRIVE<br>PRINCETON, NJ 08540 | PHONE: 732-357-5645<br>FAX: 202-546-3275<br>primefragrances@hotmail.com | Trade Debt | | | | $64,537.50 |
| 16 | PREMIER FRAGRANCES LLC<br>C/O SHAKTI CHADHA, PRES<br>51 KELLY WAY<br>MONMOUTH JUNCTION, NJ 08850 | PHONE: 732-355-1868<br>info@premierfragrances.com | Trade Debt | | | | $58,365.00 |
| 17 | UPS<br>55 GLENLAKE PKWY<br>ATLANTA, GA 30328 | FAX: 404-828-7666<br>info@ups.com | Trade Debt | | | | $51,619.00 |
| 18 | YOUR PRINTER V20 LTD<br>D/B/A ALLEGRA PRINCETON<br>6 CORPORATE DRIVE<br>CRANBURY, NJ 08512 | PHONE: 609-771-4000<br>FAX: 609-860-9449 | Trade Debt | | | | $44,427.89 |
| 19 | TEKPARTNERS SOLUTIONS, LLC<br>5810 CORAL RIDGE DRIVE, STE 250<br>CORAL RIDGE, FL 33076 | FAX: 954-282-6070<br>HQ@tekpartners.com | Trade Debt | | | | $42,486.72 |
| 20 | ELIZABETH ARDEN, INC<br>2400 SW 145 AVE 2ND FL<br>MIRAMAR, FL 33027 | PHONE: 954-364-6900<br>FAX: 877-742-7738<br>Gaby.Alarcon@elizabetharden.com | Trade Debt | | | | $37,498.50 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| PERFUMANIA, INC.,[1] | Case No. 17-[ _____ ] (___) |
| Debtor. | Tax I.D. No. 65-0026340 |

**CORPORATE OWNERSHIP STATEMENT AND LIST OF EQUITY SECURITY HOLDERS OF PERFUMANIA, INC.**

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, the Debtor submits the following information:

| Name and Address of Corporate Equity Holder | Interest |
|---|---|
| Perfumania Holdings, Inc.[2]<br>35 Sawgrass Drive, Suite 2,<br>Bellport, New York 11713 | 100% |

---

[1] The Debtor's address and last four digits of its federal taxpayer identification number are: 35 Sawgrass Drive, Suite 2, Bellport, New York 11713 (6340).

[2] See the Corporate Ownership Statement of Perfumania Holdings, Inc. ("Perfumania") filed as an attachment to Perfumania's voluntary petition for relief under chapter 11 of title 11 of the United States Code for a list of indirect holders of Perfumania, Inc.

**Fill in this information to identify the case and this filing:**

Debtor Name __Perfumania, Inc._____

United States Bankruptcy Court for the: _____ District of __Delaware____
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration  __Corporate Ownership Statement/List of Equity Security Holders_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  __08/26/2017__          ✘ _/s/ Michael W. Katz_____
MM / DD / YYYY                           Signature of individual signing on behalf of debtor

                                         _Michael W. Katz_____
                                         Printed name

                                         _President and Chief Executive Officer_____
                                         Position or relationship to debtor

Official Form 202        **Declaration Under Penalty of Perjury for Non-Individual Debtors**

# WRITTEN CONSENT OF
# THE BOARD OF DIRECTORS OF

# PERFUMANIA, INC.

### August 26, 2017

The board of directors (the "Board of Directors") of Perfumania, Inc., a Florida corporation (the "Corporation"), does hereby waive all notice of the time, place and purpose of meeting and does hereby consent in writing pursuant to the Corporation's bylaws and the Florida Business Corporation Act, without the formality of convening a meeting and approves in all respects the adoption of, and does hereby adopt, the following resolutions in lieu of a meeting of the Board of Directors:

**WHEREAS**, the Board of Directors reviewed the materials presented by the management and the advisors of the Corporation regarding the liabilities and liquidity situation of the Corporation, the strategic alternatives available to it and the impact of the foregoing on the Corporation's businesses; and

**WHEREAS**, the Board of Directors has had the opportunity to consult with management and the advisors of the Corporation and fully considered each of the strategic alternatives available to the Corporation; and

**WHEREAS**, the Board of Directors has been presented with a proposed petition to be filed by the Corporation in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in which the authority to operate as a debtor-in-possession will be sought; and

**WHEREAS**, the Board of Directors, having considered the financial and operational aspects of the Corporation's business and the best course of action to maximize value, has determined that it is advisable and in the best interests of the Corporation and its stakeholders, including its stockholders, its creditors, and other interested parties, that the Corporation file a petition seeking relief under the provisions of chapter 11 of the Bankruptcy Code and implement a restructuring of the Corporation through a prepackaged plan of reorganization (the "Plan of Reorganization") to be filed by the Corporation in connection with the commencement of chapter 11 cases in the Bankruptcy Court.

**NOW THEREFORE, IT IS HEREBY RESOLVED**, that the Corporation shall file a petition seeking relief under the provisions of chapter 11 of the Bankruptcy Code, in which the authority to operate as a debtor-in-possession will be sought, and the filing of such petition is authorized hereby in all respects;

Chapter 11 Filing

**FURTHER RESOLVED**, that each of the President and Chief Executive Officer, and the Treasurer, Secretary and Chief Financial Officer of the Corporation (each, an "Authorized Representative," and, collectively, the "Authorized Representatives") is hereby authorized, empowered and directed, in the name and on behalf of the Corporation, to take all actions in connection with the chapter 11 case authorized herein;

**FURTHER RESOLVED**, that the Authorized Representatives be, and each of them, with full authority to act without the others, hereby is, authorized, empowered and directed, in the name and on behalf of the Corporation, to execute and verify a petition in the name of the Corporation under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court in such form and at such time as the Authorized Representative executing said petition on behalf of the Corporation shall determine;

**FURTHER RESOLVED**, that the Authorized Representatives be, and each of them, with full authority to act without the others, hereby is, authorized, empowered and directed, in the name and on behalf of the Corporation, to execute the Plan of Reorganization and the Disclosure Statement with respect to the Plan of Reorganization in the name of the Corporation and to cause the same to be filed in the Bankruptcy Court in such form and at such time as the Authorized Representative executing the Plan of Reorganization and Disclosure Statement on behalf of the Corporation shall determine;

**FURTHER RESOLVED**, that the Authorized Representatives be, and each of them, with full authority to act without the others, hereby is, authorized, empowered and directed, in the name and on behalf of the Corporation, to prepare, execute and file or cause to be prepared, executed and filed (or to direct others to do so on their behalf as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, schedules, motions, lists, applications, pleadings and other papers, and in that connection to employ and retain all assistance by legal counsel, accountants or other professionals and to take any and all other action which the Authorized Representatives or any one of them deem necessary or appropriate in connection with the chapter 11 case and the Plan of Reorganization contemplated hereby, with a view to the successful prosecution of such case and confirmation of the Plan of Reorganization;

**FURTHER RESOLVED**, that all acts lawfully done or actions lawfully taken by any Authorized Representative to seek relief under chapter 11 of the Bankruptcy Code or in connection with the chapter 11 case, including confirmation and consummation of the Plan of Reorganization, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Corporation;

Financing Transactions

   *DIP Facility*

**WHEREAS**, the Corporation and certain subsidiaries of the Corporation ("Borrowers") entered into that certain Credit Agreement, dated January 7, 2011 (as amended by Amendment No. 1 to Credit Agreement, dated as of December 23, 2011, and Amendment

2

No. 2 to Credit Agreement, dated as of April 25, 2014, and as supplemented by Joinder Agreement, dated as of April 18, 2012, the "Pre-Petition Credit Agreement" and, as amended by the DIP Amendment (as defined below), the "DIP Facility Agreement") by and among the other Borrowers and Guarantors (each as defined therein) party thereto, Wells Fargo Bank, National Association, as administrative and collateral agent ("Existing Agent") and the lenders party thereto ("Existing Lenders");

**WHEREAS**, in connection with the Chapter 11 filing referenced herein, the Corporation intends to amend the Pre-Petition Credit Agreement pursuant to a Ratification and Amendment Agreement with the other Borrowers and Guarantors, the Existing Agent and the Lenders party thereto (the "DIP Amendment" and, together with the DIP Facility Agreement, all related loan documents and all other agreements, consents, notices, certificates, collateral documents, guaranties, assignments, letters, instruments, promissory notes, amendments to promissory notes or other documents of any type in each case, in a form to be approved by an Authorized Representative (such Authorized Representative's execution of such document to conclusively evidence such approval) to be entered by the Corporation in connection therewith, the "DIP Facility Documents") which will provide for a refinancing of the facility currently outstanding under the Pre-Petition Credit Agreement with a senior secured debtor-in-possession asset-based revolving facility in an amount of approximately $83,750,000 (the "DIP Facility");

**WHEREAS**, the Corporation and the other Borrowers and Guarantors additionally desire to enter the DIP Amendment to reaffirm their obligations to Agent and Lenders under the Pre-Petition Credit Agreement and other loan documents related thereto and acknowledge their continuing liabilities to the Existing Agent and Existing Lenders thereunder in order to induce the making of loans and advances under the DIP Facility, and provide other financial accommodations, to Borrowers secured by substantially all the assets and properties of Borrowers and Guarantors as set forth in an order of the Bankruptcy Court concerning the DIP Facility or any collateral documents securing the Pre-Petition Obligations (as defined in the DIP Amendment);

*Exit Facility*

**WHEREAS**, it is contemplated that in connection with confirmation of a plan of reorganization with respect to the Chapter 11 filing referenced herein, the Corporation will enter a Credit Agreement (the "Exit Facility Agreement" and, together with all related loan documents, the Exit Facility Collateral Documents (as defined below) and all other agreements, consents, notices, certificates, collateral documents, guaranties, assignments, letters, instruments, promissory notes or other documents of any type, in each case, in a form to be approved by an Authorized Representative (such Authorized Representative's execution of such document to conclusively evidence such approval) to be entered by the Corporation in connection therewith, the "Exit Facility Documents" and the Exit Facility Documents, together with the DIP Facility Documents, the "Loan Documents") with the other Borrowers and Guarantors (each, as defined therein) party thereto, the lenders party thereto and Wells Fargo Bank, N.A., as administrative agent, collateral agent (in such capacities, the "Exit Agent"), swing line lender and L/C issuer

which will provide for a senior secured asset-based revolving facility (the "<u>Exit Facility</u>") in an aggregate principal amount of approximately $100,000,000 (which amount may be increased or decreased with the approval of an Authorized Representative, execution of the Exit Facility Agreement indicating such an increase or decrease by such Authorized Representative to evidence conclusive approval thereof) for the purpose of, among other things, refinancing the DIP Facility, and the Board of Directors has reviewed the material terms and conditions of the Exit Facility;

**WHEREAS**, it is contemplated that the obligations of the Corporation under the Exit Facility Agreement and the other Exit Facility Documents will be secured by a lien on substantially all of the assets of the Corporation pursuant to one or more security agreements, collateral agreements, mortgages, control agreements, contract or collateral assignments, intellectual property security agreements or other collateral documents in each case in a form to be approved by an Authorized Representative, such Authorized Representative's execution thereof to conclusively indicate such approval (together with any related UCC financing statements, stock powers, transfer powers, allonges, intercreditor agreements, perfection certificates, assignments, notices, consents, instruments or other documents of any type in connection therewith, the "<u>Exit Facility Collateral Documents</u>") and that the obligations under the Exit Facility Agreement and the other Exit Facility Documents be guaranteed by the Guarantors pursuant to the Exit Facility Agreement;

**WHEREAS**, after consideration of all factors and information the Board of Directors deems, the Board of Directors has determined that entry into the DIP Amendment, the Exit Facility Agreement, the Exit Facility Collateral Documents and the other Loan Documents to which the Corporation is a party and the consummation of the transactions contemplated thereby and in connection therewith, including incurrence of the DIP Facility and the Exit Facility, the granting of liens on substantially all of the Corporation's assets pursuant to any related financing orders or any applicable Exit Facility Collateral Documents and (if applicable) the guaranteeing of any obligations under any Loan Documents, are, in each case, in the best interests of the Corporation, its subsidiaries and their respective stakeholders, and will bring substantial direct and indirect benefits to such parties and the Board of Directors authorize the Authorized Representatives to take any and all actions as may be deemed appropriate to effect and perform the transactions contemplated thereby;

**NOW, THEREFORE, BE IT RESOLVED**, that (i) entry into the DIP Facility and the Exit Facility in the amounts and on the terms and conditions provided to the Board of Directors, or such other amounts, terms and conditions as deemed necessary, desirable or appropriate by any Authorized Representative, (ii) execution and delivery by the Corporation of the DIP Amendment, the Exit Facility Agreement, the Exit Facility Collateral Documents and any other Loan Documents to which it is a party evidencing or in connection with the DIP Facility or the Exit Facility and the performance by the Corporation of all of its obligations thereunder and (iii) consummation of the transactions contemplated thereby (including the borrowing of loans thereunder and the granting of liens on substantially all of the assets of the Corporation as described above), be and they

hereby are, in all respects, authorized, ratified, approved and adopted by the Board of Directors on behalf of the Corporation; and be it

**FURTHER RESOLVED**, that the Authorized Representatives be, and each of them hereby is, authorized to, in the name of and on behalf of the Corporation, (i) negotiate, execute, deliver and perform the Corporation's obligations under the DIP Amendment, the Exit Facility Agreement, the Exit Facility Collateral Documents and the other Loan Documents, including, without limitation, the granting of the security interests and liens contemplated thereby (if any) and the incurrence of other obligations contemplated thereunder, and carry out the Corporation's duties thereunder, (ii) borrow any loans or incur other indebtedness in any amounts according to the terms of the DIP Facility Agreement, the Exit Facility Agreement or other Loan Documents, and (iii) negotiate, execute and deliver all other agreements, instruments and documents of any type in connection therewith and any and all amendments, waivers or other modifications thereto and take or cause to be taken any and all such further actions, in each case on such terms and conditions as any Authorized Representative may deem necessary, desirable or appropriate, in each case, the delivery thereof or the taking of such action by any such Authorized Representative to conclusively evidence the approval thereof;

**FURTHER RESOLVED**, that the Corporation be, and hereby is, authorized and empowered and directed to grant or reaffirm continuing security interests in, and pledge its right, title and interest in, substantially all present and after-acquired assets and properties of the Corporation, as required or contemplated by the DIP Amendment, the Exit Facility Agreement, the Exit Facility Collateral Documents or any other Loan Documents and/or any of the other agreements or documents entered into pursuant thereto or in connection therewith, or as any Authorized Representative may deem necessary, advisable or proper to carry out the terms, intents and purposes of the Loan Documents, the transactions contemplated thereby and the resolutions related thereto, subject to such exceptions and limitations as set forth in any applicable Loan Documents;

**FURTHER RESOLVED**, the Board of Directors hereby authorizes the Exit Agent to file any financing statements, assignments for security, mortgages, intellectual property security agreements or other documents in the name of the Corporation as may be necessary or desirable to perfect the security interests granted to the Agent pursuant to the Exit Facility Collateral Documents;

**FURTHER RESOLVED**, that the Corporation be, and hereby is, authorized to use proceeds from the Exit Facility to fully and finally satisfy all claims and other obligations of the Corporation and certain of its subsidiaries and affiliates under the DIP Facility; and be it further

**FURTHER RESOLVED**, that the Authorized Representatives be, and each of them individually hereby is, authorized, empowered and directed, in the name and on behalf of the Corporation (or to delegate to any other officer of such Corporation the authority to) do and perform all such further acts and things including, without limitation, (1) executing, delivering and, when necessary or appropriate, filing with the appropriate

5

governmental or regulatory authorities (including the Commission and any national securities exchange) all such certificates, contracts, bonds, agreements, documents, instruments, receipts or other papers and (2) making all such payments, in each case as may be necessary, convenient or appropriate, in the judgment of any such Authorized Representative, to effectuate the matters contemplated by the foregoing resolutions;

**FURTHER RESOLVED**, that to the extent the Corporation manages or controls certain of its subsidiaries, the Board of Directors confirms that entry into the Loan Documents and consummation of the transactions contemplated therein is in the best interest of such subsidiaries and authorizes the Corporation or its Authorized Representatives to take any actions on behalf of such subsidiaries in connection with the Loan Documents and the transactions contemplates thereby;

**FURTHER RESOLVED**, that all actions previously taken by or at the direction of the Board of Directors in connection with any of the matters contemplated by and consistent with any or all of the foregoing resolutions be, and they hereby are, ratified, approved, adopted and confirmed in all respects;

Store Closings

**FURTHER RESOLVED**, that the Authorized Representatives be, and each of them, with full authority to act without the others, hereby is, authorized, empowered and directed, in the name and on behalf of the Corporation, to finalize and implement a store closure and store liquidation plan, substantially in accordance with the summary presented to the Board of Directors, subject to such modifications thereto as any such Authorized Representative may deem necessary or advisable in order to give effect to and carry out the general purposes of such plan as presented to the Board of Directors, and that such Authorized Representatives be, and they hereby are, authorized and empowered to retain such advisors, liquidation firms and other agents and representatives in connection with the implementation of such plan as any such Authorized Representative deems necessary or advisable, and to pay the fees and expenses of such advisors, firms, agents and representatives in connection therewith, including causing the Corporation to assume in connection with the Chapter 11 Cases, the agency agreement dated August 26, 2017 between Perfumania Holdings, Inc. and the contractual joint venture composed of Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC.

Retention of Advisors

**FURTHER RESOLVED**, that the law firm of Skadden, Arps, Slate, Meagher & Flom LLP and its affiliates be, and hereby are, employed under a general retainer to render legal services to, and to represent, the Corporation in connection with the chapter 11 case and any other related matters in connection therewith, on such terms as any Authorized Representatives shall approve;

**FURTHER RESOLVED**, that the firm of Imperial Capital, LLC be, and hereby is, employed as investment banker to the Corporation in connection with the chapter 11 case

and any other related matters in connection therewith, on such terms as any Authorized Representatives shall approve;

**FURTHER RESOLVED**, that the firm of Ankura Consulting Group, LLC, be, and hereby is, employed as financial advisor to the Corporation in connection with the chapter 11 case and any other related matters in connection therewith, on such terms as any Authorized Representatives shall approve;

**FURTHER RESOLVED**, that the firm of Epiq Bankruptcy Solutions, LLC, be, and hereby is, employed as claims and noticing agent and administrative advisor to the Corporation in connection with the chapter 11 case and any other related matters in connection therewith, on such terms as any Authorized Representatives shall approve;

**FURTHER RESOLVED**, that the firm of A&G Realty Partners, LLC, be, and hereby is, employed as real estate consultant and advisor to the Corporation in connection with the chapter 11 case and any other related matters in connection therewith, on such terms as any Authorized Representatives shall approve;

**FURTHER RESOLVED**, that the Authorized Representatives be, and each of them, with full authority to act without the others, hereby is, authorized, empowered and directed, in the name and on behalf of the Corporation, to retain such other professionals as they deem appropriate during the course of the chapter 11 case;

Fees and Expenses

**FURTHER RESOLVED**, that the Authorized Representatives be, and each of them, with full authority to act without the others, hereby is, authorized, empowered and directed, in the name and on behalf of the Corporation, to incur and pay or cause to be paid all such fees and expenses as in their judgment shall be necessary, appropriate or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions, the making of any such payment conclusively to evidence the due authorization and approval thereof by the Board of Directors;

General

**FURTHER RESOLVED**, that the Authorized Representatives be, and each of them, with full authority to act without the others, hereby is, authorized, empowered and directed, in the name and on behalf of the Corporation, to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed or delivered all such further agreements, certificates, undertakings, instruments and any and all other documents and amendments as in their judgment shall be necessary, appropriate or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions;

**FURTHER RESOLVED**, that the Authorized Representatives be, and each of them, with full authority to act without the others, hereby is, authorized, empowered and directed, in the name and on behalf of the Corporation, to amend, supplement or

otherwise modify from time to time the terms of any agreements, undertakings, documents, certificates, instruments, agreements or other writings referred to in the foregoing resolutions; and

**FURTHER RESOLVED**, that all actions heretofore taken consistent with the purpose and intent of the foregoing resolutions are hereby authorized, ratified, approved, confirmed and adopted in all respects as the acts and deeds of the Corporation as fully as if such actions had been presented to the Board of Directors for its prior approval, including, but not limited to, all such actions taken by any director, officer or employee of the Corporation.

**IN WITNESS WHEREOF**, the undersigned members of the Board of Directors of Perfumania, Inc. have executed this instrument as of the date first written above.

_____
Name: Glenn Nussdorf
Title:  Director

_____
Name: Stephen Nussdorf
Title:  Director

_____
Name: Michael W. Katz
Title:  Director